CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
1/7/2025
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| STACI NAOMI GREER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:23-cv-00311 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NISSAN NORTH AMERICA, INC., | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

This case is before the court on Plaintiff Staci Naomi Greer's ("Greer") motion to compel fulfillment of the settlement agreement (ECF No. 17), which the court referred to the Honorable C. Kailani Memmer, United States Magistrate Judge, for proposed findings of fact and a recommended disposition. Judge Memmer filed a report and recommendation ("R&R") on November 26, 2024, recommending that this court deny Greer's motion to compel fulfillment of the settlement agreement. (R&R [ECF No. 31].) Greer filed objections to the R&R, to which Defendant Nissan North America, Inc. ("Nissan") responded, making this matter ripe for the court's consideration. For the reasons discussed below, the court will overrule Greer's objections, modify the R&R in part and adopt it as modified, and deny Greer's motion.

I. BACKGROUND

On May 25, 2023, Greer filed suit against Nissan under Virginia's "Lemon Law"[1] statute, seeking to compel Nissan to repurchase her defective 2022 Nissan Frontier pickup

---

[1] Virginia's "Lemon Law" is the Virginia Motor Vehicle Warranty Enforcement Act. *See* Va. Conde Ann. §§ 59.1-207.9–59.1-207.16:1.

truck. (Compl. [ECF No.1].) The court referred this case to Judge Memmer for mediation, which was scheduled to take place on March 8, 2024. (ECF Nos. 12–13.) But the parties notified Judge Memmer before mediation that they had reached a settlement on their own. (ECF No. 15.) Greer and Nissan signed the settlement agreement (the "Agreement") on March 25, 2024. (Suppl. Br. Supp. Mot. Compel (hereinafter "Suppl. Br."), Ex. 1 [ECF No. 28].)

The Agreement provides that Greer would return the vehicle to "an authorized dealership designated by Nissan," whereafter Nissan would pay her an agreed-upon sum of money. (Suppl. Br., Ex 1 ¶ 2.) The Agreement also provides for Nissan's payment of Greer's attorney's fees under Virginia Code § 59.1-207.14 and designates Virginia law as governing the Agreement. (*See id.* ¶¶ 2, 8.) The Agreement does not contain a deadline for completion of the repurchase. (*See generally id.*)

On May 8, 2024, 44 days after signing the Agreement, Greer moved to compel fulfillment of the Agreement and for sanctions. (*See* Mot. Compel [ECF No. 17].) Greer argued that a "commercially reasonable time" had passed, but Nissan had not completed its obligations under the Agreement. (*Id.* at 1.) The motion requested (1) an order for immediate fulfillment of the Agreement, (2) sanctions (specifically a $5,000 sanction and an additional $500 sanction every day that the settlement agreement was not fulfilled), and (3) attorney's fees and costs. (*Id.* at 2.) The motion was referred to Judge Memmer for proposed findings of fact and a recommended disposition. *See* 28 U.S.C. § 636(b)(3).

In its June 20, 2024 opposition brief, Nissan represented that its third-party agent would arrange to pick up Greer's vehicle within two weeks and that it would send Greer's

counsel a check for attorney's fees—as set forth in the Agreement—within one week. (Br. Opp'n Mot. Compel at 1 [ECF No. 21].) Greer's counsel received a check for attorney's fees on July 9, Greer surrendered her vehicle to Nissan on July 16, and Greer's counsel received a check for the repurchase of the vehicle on July 22. (Suppl. Br. at 2.) July 22 was 119 days after the Agreement was signed, and the repurchase check was $1,550.01 short of the agreed-upon settlement payment. (*Id.*)

Judge Memmer held a hearing on the motion to compel on September 24. (ECF No. 25.) At that hearing, Greer's counsel alerted Nissan to the fact that the July 22 check had been $1,550.01 short for the first time. (R&R at 3.) At the end of the hearing, Judge Memmer ordered Nissan to pay the remaining settlement sum within 10 days. (*Id.*) She also ordered the parties to file supplemental briefs addressing the enforceability of the Agreement by October 4 if they did not resolve all outstanding issues by then. (*Id.*) Greer's counsel received the $1,550.01 check on September 27, 3 days after the hearing. (Suppl Br. at 2.)

The parties did not reach a resolution and submitted the requested supplemental briefing. (ECF Nos. 28–30.) They agreed that the Agreement is enforceable and that the court can infer a "reasonable time" for performance in lieu of the missing term, but they disagreed as to the amount of time that is "reasonable" under these circumstances. (Suppl. Br. at 3; Suppl. Br. Opp'n Mot. Compel (hereinafter "Suppl. Opp'n Br.") at 2–3 [ECF No. 29].) Greer's brief also asserts that she seeks a sanction of "three times the gross value of the settlement," as contemplated under Virginia Code § 59.1-207.15, and attorney's costs and fees. Nissan asserts that any sanction is improper because Nissan substantially performed under the Agreement within a reasonable time and did not act in bad faith. (Suppl. Opp'n Br. at 2–3.)

Judge Memmer issued an R&R on November 26 recommending that the court deny the motion in its entirety. (R&R at 9.) Greer filed objections to the R&R on December 9 (ECF No. 32) and Nissan responded to Greer's objections on December 12 (ECF No. 33). The objections are now ripe for the court's consideration.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b) provides that, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." The objection requirement set forth in Rule 72(b) is designed to "train[] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) (citing *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Id.* at 622. The district court must determine *de novo* any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

## III.    GREER'S OBJECTIONS

Greer made 9 objections to the R&R. Greer objects that (1) there is no evidentiary basis for what she characterizes as a factual finding in the R&R that Nissan's third-party agent

caused the delay in consummating the Agreement[2] (Objs. to R&R at 2 [ECF No. 32]); (2) the R&R improperly "assum[ed] without deciding that time for performance is not material to the parties' settlement agreement" (*id.* at 4); (3) the R&R incorrectly found that an evidentiary hearing is not required (*id.* at 8); (4) the R&R analyzed the motion under a breach of contract theory instead of the court's "inherent equity power" (*id.* at 9); (5) the R&R erred in declining to read a provision into the Agreement that the parties did not include or negotiate themselves (*id.* at 10); (6) the R&R should have applied Virginia Code § 59.1-207.15 as a measure of what constitutes a "reasonable time" (*id.* at 11); (7) the R&R erroneously concluded that her return of the vehicle is a condition precedent to Nissan's payment of the settlement sum (*id.* at 12–13); and (9) the R&R improperly asserted that bad faith or abuse cannot justify imposing sanctions in this case (*id.* at 13).

Preliminary, the portion of Greer's motion seeking to compel fulfillment of the Agreement is moot because Nissan has now fulfilled its obligations under the Agreement in their entirety. Greer's October 15 Supplemental Brief tacitly acknowledged that the Agreement had been fulfilled when it sought only sanctions, not an order mandating prompt consummation of the Agreement. (Suppl. Br. at 11.) The R&R also indicated as much in footnote 8, but diligently conducted "a more fulsome analysis" anyway. (R&R at 6 n.8.) To the extent that there was any remaining doubt, Greer's objections confirm that the Agreement is fulfilled, no damages are being sought under the Agreement itself, and only the question of sanctions remains a live issue. (*See* Objs. to R&R at 9–10 (explaining that Greer has "never asserted [that] the Settlement Agreement contained language to allow her damages" but that

---

[2] Objection 8 repeats this objection, so the court will not discuss Objection 8 separately.

the court's "inherent equity power . . . allows for and calls for sanctions").) The court will therefore modify the R&R to the extent that it does not expressly hold that the motion's request for an order compelling fulfillment of the Agreement is moot.

Consequently, the court will consider Greer's objections through the lens of determining whether Nissan's conduct evidences "extraordinary circumstances where bad faith or abuse" warrants imposing sanctions. *Hensley v. Alcon Lab'ys*, 277 F.3d 535, 543 (4th Cir. 2002). The imposition of sanctions under its inherent authority is soundly within the court's discretion. *See Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 276 (4th Cir. 2022).

Greer's objections all fail because Nissan's purported delay was not unreasonable or, at the very least, not so unreasonable as to warrant sanctions. In her Supplemental Brief, Greer asserts that she received the final settlement check on October 7, which she states is 215 days after the settlement date. (Suppl. Br. at 2.) She then contends, throughout her Supplemental Brief and Objections to the R&R, that 215 days is commercially unreasonable against the backdrop of the public policy created by Virginia's Lemon Law provisions.

Greer's argument is flawed for multiple reasons, beginning with her calculation of how many days it took for Nissan to fulfill its obligations under the Agreement. First, 215 days after the settlement date of March 25, 2024, is October 26, 2024, not October 7. Second, Greer states that the final settlement check "was received by undersigned counsel on September 27, 2024, but it was payable to undersigned counsel, not Mr. and Mrs. Greer. The check was deposited in the Client Trust Account and disbursed to the Greers on October 7, 2024." (*Id.*) The 10 days that it took Greer's counsel to turn the funds over to Greer should not be attributed to Nissan in determining whether Nissan's delay was unreasonable. In addition,

from the time that Greer's counsel received the first settlement check on July 22, 2024, until the hearing in front of Judge Memmer on September 24, 2024, Greer's counsel was aware that the check was short $1,550.01. (*Id.*) But counsel did not inform Nissan until the hearing and therefore did not give Nissan the opportunity to remedy the defect until the hearing. Once Nissan was made aware, Nissan sent a check within 3 days. Therefore, the delay from July 22 to September 24 also cannot be fairly attributed to Nissan. Excluding the periods of delay attributable to Greer's counsel, Nissan made a good-faith effort to fulfill its obligations under the Agreement 122 days after the Agreement was executed, not 215 days.

As the R&R thoroughly explains, the Agreement does not contain an express deadline for Nissan's fulfillment of its obligations under the Agreement. (*See generally* R&R.) That is not dispositive here because Greer seeks relief under this court's inherent authority to sanction parties for misconduct, not under any provision of the Agreement. (*See* Objs. to R&R at 9–10.) But Nissan's legal obligations, which include its contractual obligations under the Agreement, nonetheless inform the propriety of sanctions and guide the court in assessing whether Nissan's actions were in "bad faith." *See, e.g.*, *Six v. Generations Fed. Credit Union*, 891 F.3d 508, 519 (4th Cir. 2018) ("Courts are empowered to fashion an appropriate sanction for conduct which abuses the judicial process, such as an order instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." (cleaned up)). The Agreement itself does not impose any deadline. And, as the R&R explains, Virginia Code § 59.1-207.15, which imposes a 40-day deadline for Lemon Law cases resolved through a car manufacturer's informal dispute resolution procedure, does not apply because the parties did

not resort to any such procedure here. (*See* R&R at 7; *see also* Obj. to R&R at 11 ("[T]his Code section does not verbatim, or technically, apply to this case.").)

Greer nonetheless argues, in effect, that § 59.1-207.15 creates a public policy that *all* settlements in Lemon Law cases must be consummated within 40 days, and that significant departures from that 40-day deadline are so unreasonable as to indicate bad faith and warrant sanctions. While § 59.1-207.15 is not irrelevant to the propriety of sanctions, the court will not sanction Nissan solely for non-compliance with a deadline that Greer concedes does not apply. And the court cannot agree that failure to adhere to that inapplicable deadline evidences bad faith on the part of Nissan.

Section 59.1-207.15 is one factor that the court looks to in determining the reasonableness of Nissan's conduct, but the parties' expectations under the Agreement are another. It does not escape the court that Greer could have—but didn't—negotiate for an express timeliness provision to be included in the Agreement. Without such a provision, Nissan did not expect to be held legally accountable to an explicit deadline. Under these circumstances, the court cannot conclude—based on the common sense and practical experience that Greer's briefing repeatedly urges the court to look to, as well as the reasoning meticulously explained in the R&R—that Nissan's conduct was so unreasonable as to indicate bad faith or warrant sanctions. (*See* Suppl. Br. at 3; Objs. to R&R at 10; *see generally* R&R.) To the contrary, under the circumstances, the court considers 122 days to be a reasonable timeframe within which to consummate a settlement agreement when the parties did not include an express deadline in the agreement.

That brings the court to Greer's specific objections, which the court takes somewhat out of order because several objections are closely related. Objection 1 contends that there is no evidentiary basis for what Greer characterizes as a factual finding in the R&R that Nissan's third-party agent caused the delay in consummating the Agreement, and that Nissan is therefore not responsible for the delay. (Objs. to R&R at 2.) Regardless of what the cause of the purported delay was, taking 122 days to consummate a settlement agreement is not so unreasonable as to warrant judicial intervention or the imposition of sanctions in the absence of an express deadline contained in the Agreement. Further, it appears to the court that this was merely a passing reference, not an express factual finding, and that the R&R acknowledges that the third-party agent's conduct is attributable to Nissan. (*See* R&R at 9.) The court has little doubt that the R&R fully attributed any purported delay to Nissan in determining whether that delay was reasonable, and the court agrees with the R&R's ultimate conclusion, so it will not disturb the R&R's reasoning on those grounds. For the same reason, the court rejects Objection 3's contention that Judge Memmer should have held an evidentiary hearing before recommending that the motion be denied (Objs. to R&R at 8), and Objection 9 to the R&R's ultimate conclusion that bad faith or abuse are not present to justify imposing sanctions in this case (*id.* at 13).

Objection 2 challenges the R&R's assumption "that time for performance is not material to the parties' settlement agreement." (*Id.* at 4.) The only purpose of that assumption was to establish that the Agreement's material terms are ascertainable, and that the Agreement is therefore enforceable. (*See* R&R at 5.) Since Greer expressly conceded in her Supplemental Brief that the Agreement is enforceable (*see* Suppl. Br. at 3), she must necessarily concede that

- 9 -

time for performance is not material. That's because, under Virginia law, a contract must contain all material terms to be enforceable. *See Dean v. Morris*, 756 S.E. 2d 430, 433 (Va. 2014); *Hayden v. Hayden*, 53 Va. Cir. 9, *4–5 (2000) (explaining that a binding contract must be complete meaning that it "embraces all the material terms" and holding that the agreement in question was an incomplete contract because it was "missing material terms"). Therefore, the court overrules Objection 2.

Objection 4 criticizes the R&R for analyzing the motion under a breach of contract theory instead of the court's "inherent equity power." (Objs. to R&R at 9). But the parties' contractual obligations are an essential starting point in determining the reasonableness of their actions. Though deciding whether to impose sanctions does not end with the contractual analysis, it does start there. And the R&R additionally found that "[t]his is not one of the 'extraordinary circumstances where bad faith or abuse' can justify sanctions or shifting of attorney's fees." (R&R at 9 (quoting *Hensley*, 277 F.3d at 543).) The court therefore adopts the R&R's breach-of-contract analysis as the first step of its evaluation of whether sanctions should be imposed and overrules Objection 4.

Objection 5 faults the R&R for declining to read a provision into the Agreement that the parties did not include or negotiate themselves. (Objs. to R&R at 10.) The thrust of this objection is Greer's dissatisfaction with the fact that the Agreement took more than 40 days to consummate and her desire to punish Nissan for failing to comply with this non-existent deadline. As the court has explained, the 122 days that Nissan took to fulfill its obligations under the Agreement do not rise to the level of unreasonableness in the absence of an express deadline, and the R&R correctly declined to hold Nissan to a non-existent 40-day deadline.

Objection 5 also takes issue with the R&R's suggestion that the onus was on Greer's counsel to incorporate a timeliness provision into the Agreement. (*Id.*) Relatedly, Greer seeks to shift that responsibility to the court in Objection 2, when she asserts that "[p]resumably the General Assembly trusts the Judicial Branch to appropriately manage the cases before it" and incorporate § 59.1-207.15's 40-day deadline in "settlements of cases resolved by civil action." (*Id.* at 5.) But this is not a case in which the court ordered payment and failed to set a deadline. Rather, the parties negotiated the controlling agreement and its material terms. During those negotiations, it was *Greer*—not Nissan and not the court—that failed to include a deadline. Greer's counsel is clearly familiar with the relevant law and policy considerations in this area based on his representation of "[p]laintiffs in Lemon Law cases for over 35 years" and current filing rate of "50–150 such cases per year." (*Id.* at 8 n.1.) If timeliness is of such paramount importance to his client, he should have ensured that a timeliness provision was included in the Agreement. Had he done so, the court could have used its judicial power to hold Nissan to that provision or awarded damages for Nissan failure to do so. But in the absence of such a provision, the court can only intercede if Nissan's purported delay is so unreasonable as to be indicative of "extraordinary circumstances where bad faith or abuse" warrants imposing sanctions. *Hensley*, 277 F.3d at 543. That is not the case here.

Objection 6 faults the R&R for declining to apply Virginia Code § 59.1-207.15 as a measure of what constitutes a "reasonable time." (Objs. to R&R at 11.) Because the very next sentence of the objection clarifies that "counsel agrees [that] this Code section does not verbatim, or technically, apply to this case," (*id.*), the court construes this objection as another basis on which Greer believes that the R&R erroneously concluded that Nissan's purported

- 11 -

delay was not unreasonable. Because that conclusion was not erroneous, the court likewise rejects Objection 6.

Finally, in Objection 7, Greer objects to the R&R's assertion that Greer's return of the vehicle is a condition precedent to Nissan's payment of the settlement sum. (*Id.* at 12–13.) The Agreement unambiguously states that "*prior to the payment* of the above referenced sum," Greer "shall return the vehicle to an authorized dealership designated by Nissan." (Suppl. Br., Ex. 1 ¶ 2.) Requiring that Greer return the vehicle before Nissan makes its payment is a textbook example of a condition precedent. *See Morotock Ins. Co. v. Fostoria Novelty Co.*, 26 S.E. 850, 851 (Va. 1897) ("A condition precedent calls for the performance of some act, or the happening of some event after the terms of the contract have been agreed upon . . . ."). It is also true, as Greer states in her objection, that Nissan had to designate the dealership at which Greer would return her vehicle before she could do so. (*See* Objs. to R&R at 12.) But the fact that there is a condition precedent to the condition precedent does not change the fact that Greer's return of the vehicle *is* a condition precedent to Nissan's payment. Therefore, the court overrules Objection 7.

In sum, the court overrules Greer's objections, modifies the R&R to the extent that the court holds that the motion's request for an order compelling fulfillment of the Agreement is moot, adopts the R&R in all other respects, and denies Greer's motion.

### IV.   CONCLUSION

For the foregoing reasons, the court overrules Greer's objections, adopts the R&R as modified, and denies Greer's motion.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

**ENTERED** this 7th day of January, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE